Per Curiam.
'The principal question in this case depends upon, whether the judgments obtained after* The service of the writ and.- befdjte plea, be of such a nature, as hold the executor responsible for the assets he had when served with the writ? and if these judgments had been, that the plaintiff then have execution, and not quando, it seems admitted they would, provided they are not void in law. As to the nature of the judgments, according to the circumstances of this case, we think that can make no difference ; because it was true, when they were rendered, that the effects previously sold on the six months’ credit, were not assets;—the act of Assembly having only made the executor accountable for them, in a reasonable time after the proceeds were due. Whenever, therefore, they should come, or might be obtained, they then would be assets, and the executor accountable to the judgment creditors for them. If, therefore, he was accountable to them, it is clear he ought not to be accountable to the plaintiff; for it has been properly admitted, that the priority of suit only ties the hands of the executor against a voluntary payment.
Then, as to the exception which has been taken to the judgments because they exceed thirty pounds. And we think, as the warrants did not exceed thirty pounds, that *579 the Justice, therefore, had jurisdiction, and his judgment therefore, was not void, but only voidable.
The only remaining question is as to the $ 100 paid for the support of the disabled slave? and that we think must depend upon the nature of the transaction. If with a fraudulent design, upon being so found, would be unavailing. But if fair and honest, that it is good. For we consider this as a kind of charge upon the estate in favour of the community, which in case of a deficiency of assets, is entitled to a preference against the claims of individuals.—Wherefore, we are all of opinion there should be judgment for the defendant.